## NEW YORK SUPREME COURT.

WILLIAM H. TAYLOR and WILLIAM A. DUNPHY, trustees, agt. THE ATLANTIC AND GREAT WESTERN RAILROAD COMPANY.

*Complaint — Order appointing receiver — Motion to amend complaint and modify order so far as to render the action collateral or ancillary to another action pending in Ohio — to what extent allowed.*

The Atlantic and Great Western Railroad Company, a corporation cre-ated by the laws of New York, Ohio and Pennsylvania, executed a mortgage to the above-named plaintiffs. An action was brought to fore-close such mortgage in New York, Ohio and Pennsylvania, and J. H. D. was appointed receiver by such court. The complaint and order appointing the receiver do not, on their face, show that the action here

Taylor agt. Atlantic and Great Western Railroad Company.

is ancillary to that in Ohio, though it is claimed that such was the intent. After the decision in 55 *Howard's Practice*, 286, plaintiffs moved to amend the complaint, and order appointing the receiver, so as to render the action in this state collateral or ancillary to that pending in Ohio: ·

*Held,* that the application to amend the complaint would be granted, provided the amendments should not be allowed to affect the issues already framed, or the ability of this court to dispose of them as fully and effectually as though the complaint were unchanged:

*Held, further,* that the application to modify the order appointing the receiver must be denied; that the receiver was an officer appointed by the court here to manage and control the corporate property of the company within this state, and that the court so appointing such receiver in this state, had plenary, original and independent jurisdiction, so far as the property to be affected was within the limits of this state; that by virtue of his appointment the receiver was the arm of the court, appointing him, to transact the business of the railroad company, to exercise its franchises and to manage its affairs; that this court cannot, if it would, delegate its powers in the premises to the tribunals of another state, nor can it, if it would, substitute those tribunals for itself, or transfer to them the authority which its own practice, and the laws of the state require that it should use; and that justice to the citizens of this state, whose interests might collide with those of the receiver, and the business conducted by him would be impaired by such a course.

*Erie Special Term, December,* 1878.

THIS action was brought to foreclose a mortgage made by the Atlantic and Great Western Railroad Company, a corporation created under the laws of the states of New York, Ohio and Pennsylvania, the mortgage covering its property in the three states. Similar foreclosure suits were pending in these three states, and the courts in each of them appointed the same person receiver in the respective suits. The plaintiff moved to amend the complaint and order appointing the receiver, so as to render the action in this court collateral or ancillary to that pending in the state of Ohio, and to modify, in the same manner, the order appointing the receiver.

*W. W. MacFarland, E. C. Sprague* and *E. R. Bacon,* for motion.

*Clarence A. Seward, George B. Hibbard, Charles M. Da Costa* and *Charles H. Tweed,* opposed.

DANIELS, *J.*— The object designed to be secured by the prosecution of this action is the foreclosure of a mortgage, and the sale under the judgment, of so much of the Atlantic and Great Western Railroad as is situated in the state of New York. As the complaint has been framed it is in the form usually followed for the purpose of obtaining that measure of relief. But, as the larger portion of the continuous railway owned by the Atlantic and Great Western Railroad Company is situated in the state of Ohio, it is desired to make the action affecting that part of the road the principal suit. That has been brought, however, only for the foreclosure and sale of that portion of the railway and while it shall be allowed to remain in that condition it is difficult to see how any adjudication there can dispose of, or affect, the property within the bounds of this state. If a suit here is necessary at all, it would seem to be for the entire relief now sought by the action.

But the trustees of the bondholders deem the amendment important to relieve the management of their affairs from embarrassment, and the only parties to the action opposing the application are those whose interests will be protected by the issues already joined. The amendment desired may be allowed to be made provided that it shall be done without affecting the issues already framed or the ability of this court to dispose of them as fully and effectually and in the same manner as though the complaint remained entirely unchanged. An order to that effect may be entered upon this portion of the motion. But as to the modification, in a similar manner, of the order appointing the receiver, the right of the plaintiff to the amendment is by no means as apparent. For if any receiver whatever is to be appointed or retained over that portion of the mortgaged property situated in this state, he must be such an officer as the laws of the state, or the practice

of its courts, have provided shall exist under their authority. And they have defined the powers with which he shall usually be endowed, the duties he shall perform and the obligations he must observe. Whatever may be his authority these attributes of his office have become reasonably well understood and declared. The appointment itself has been provided for by statutory provisions declaratory of the powers of the court required to be exercised in making it.

This was done by the former Code (*sec.* 244), and afterwards more explicitly by chapter 151 of the Laws of 1870. Under the latter authority, which was that which prevailed when this appointment took place, and has since then continued to be the law upon the subject, it was provided that a receiver of the property of a corporation might be made " in a civil action brought by a creditor of the corporation for the foreclosure of a mortgage upon the property over which the receiver is appointed, and when the mortgage debt, or interest thereon, has remained unpaid at least thirty days after it became due, and was duly demanded from the proper officers of the corporation, and when either the income of such property is specifically mortgaged or the property itself is probably insufficient to pay the amount of the mortgage debt " ( *Vol.* 1, *Laws of* 1870, 422, *sec.* 3, *sub.* 2.)

It was supposed, upon the first examination of this act, that it was a part of its design to blend the several acts concerning the powers of receivers of corporations so far together as to confer substantially the same authority upon them all. But upon further attention to its provisions, upon suggestions and arguments since submitted by the learned counsel for the plaintiffs and the receiver, that view has been abandoned as erroneous and unsound.

The receivers provided for are still to be distinguished in their authority, but that in all cases must be commensurate with the objects to be accomplished by virtue of the appointment. So much, at least, has been provided for by this subdivision of the act of 1870. For the receiver is to be ap-

Taylor agt. Atlantic and Great Western Railroad Company.

pointed over the property to be affected by the foreclosure of the mortgage. And that, in this case, was all that was owned by the corporation situated within this state. The power authorized to be employed is of a complete and ample nature, and uniform in its character.. And it has been made to include all foreclosure cases where the income of the company has been mortgaged, or its property will probably prove insufficient for the payment of the mortgage debt. In those cases the receivership is to extend over the mortgage property, and it includes of necessity whatever may be required to render it efficient and useful. No provision has been made, and no exception or reservation declared, on account of the mortgage property, extending as it does, in this case, into different states. But the act was passed upon the assumption, certainly to be implied from its general nature, that it was not competent for the courts of one state to extend a receivership created by it over the property of the corporation situated in another state. Accordingly no distinction on this account was incorporated into its provisions ; but they were made broad and sufficiently comprehensive to include all cases in which the interposition of a receiver might be required to promote and protect the rights of creditors and others in or concerning the mortgaged estate. And less than that would not have been considered subservient to the rights of the plaintiffs, as they were regarded when the order appointing the receiver in this case was made.

It is true that the order made on the preceding day by the court of common pleas in the state of Ohio, did, in terms, include all the corporate property, and empowered the receiver to enter into the possession and charge of it, but neither the courts nor the parties regarded that as a sufficient warrant of authority as to the property situated in this state. And, for that reason, on the following day another order, as full and complete, in these terms, was obtained from this court, not simply to enable the receiver to assume the possession of the property here and become subject to directions as to its use obtained elsewhere, but to use and control it under the author-

ity conferred upon him by the order, and to account for its proceeds substantially as that had been required of other receivers appointed over the property and effects of other insolvent corporations. This may have been needlessly particular and given in order to carry out the requirements of other provisions of the statutes of the state, now considered in terms applicable only to the cases of other receivers. But they were evidently deemed to be proper in the case, for the reason that the receiver was regarded as deriving his authority over that portion of the property which was in this state, only by means of this order. It was not regarded as a case within the jurisdiction of the courts of any other state. And no authority has been found sanctioning the existence of any principle that would justify the transfer of this authority to such a tribunal. The cases cited, in support of this position, are those in which the entire subject-matter of the controversy was within the authority of the tribunal in which the first proceedings were commenced. Then it is entirely settled that the jurisdiction first invoked shall be continued until a complete disposition may be made of the controversy. The principle is this: "That where two or more tribunals have a concurrent jurisdiction over the same subject-matter and the parties, a suit commenced in any one of them may be pleaded in abatement to an action for the same cause in any other " (*Shelley* agt. *Bacon*, 10 *How.* [*U. S.*], 56, 68; *Peale* agt. *Phibbs*, 14 *id.*, 368; *Freeman* agt. *Howe*, 24 *id.*, 451, 457). But even that rule must be understood and accepted with one qualification, for the pendency of an action in another state has not ordinarily been allowed to be interposed as a defense to another similar and later action in the courts of this state (*Bowen* agt. *Joy*, 9 *John*, 221; *Walsh* agt. *Durkin*, 12 *id.*, 99). But the principle, in its broadest sense, cannot include this case for the reason that the subject-matter, affected by the different orders, is not the same. The one affects in reality only the property in Ohio, the other, under a similar restriction, only the property in this state. This must result from the

Taylor agt. Atlantic and Great Western Railroad Company.

circumstance that the action and authority of courts where no final adjudication to which full faith and credit are due under the Constitution and laws of the United States has taken place, are limited territorily to the states and countries in which they exist, and whose laws they execute. For that reason it has been usually ·considered that a mere receiver, acting only under the authority of an order, can neither sue nor be sued in the courts of another state (*Peale* agt. *Phipps*, 14 *How.* [*U. S.*], 368 ; *Booth* agt. *Clark*, 17 *id.*, 322; *Barclay* agt. *Quicksilver Mining Co.*, 6 *Lansing*, 25). Where it was conceded to be the effect of the cases that foreign executors, administrators, guardians and receivers in creditors' suits could not maintain actions in the courts of this state (*id.*, 31) ; and that is conformable to what has been regarded as the general doctrine on the subject of these foreign appointments (*Story's Conflict of Law* [*5th ed.*], *sec.* 513). And it is not in conflict with any thing that was held in the case of *Hoye* agt. *Thompson* (1 *Seld.*, 320), or that of *President, &c., of the Lombard Bank* agt. *Thorp* (6 *Cowen*, 47). Within the principle of all these authorities the case was one over which the courts of this state had plenary jurisdiction so far as the property to be affected was within its limits. This jurisdiction was original and independent to that extent, and under this authority the receiver was placed in charge of this portion of the mortage property. And he was given that authority over it which was usually conferred in like cases and has been sanctioned by the authorities (*Verplanck* agt. *Mercantile Ins. Co.*, 2 *Paige*, 438 ; *Parker* agt. *Browning*, 8 *id.*, 388; *Mearais, Adms.,* agt. *Holbrook*, 20 *Ohio*, 137 ; *Davis* agt. *Gray*, 16 *Wallace*, 203, 219, 220). The authority and its accompanying obligations are just what have been deemed essential to the proper and efficient execution of the trusts created, and they should not be abridged or diminished simply because the receiver may apprehend difficulty in conforming to what may be required from him by the different tribunals by which he has been appointed. By

his office he has been, for the time being, placed in the position of the corporation. He transacts its business, exercises its functions and manages its affairs. This he does as the arm of the court appointing him. It is the court itself exerting its authority through him, and it certainly is no proper portion of its power to delegate that to the tribunals of another state. It cannot, if it would, substitute those tribunals for itself, or transfer to them the authority its own practice and the laws of the state require that it alone should use. Justice to the citizens of the state itself whose interests may collide with those of the receiver in the business conducted by him would be impaired by such a course. Harmony of action is undoubtedly necessary in the administration of the affairs and the adjustment of the accounts of the receiver. The interests of all require as much as that; and as no courts desire to conflict with others in the employment of their functions it will be promoted, as far as it can consistently be done, in the orders and directions which it may be found advisable or necessary to give to the receiver. But the order which has continued in force during the entire time of his appointment should not be disturbed or changed in any of its terms. The residue of the motion will accordingly be denied.